IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| CARSON TRACY JUPITER, | * |
| | * |
| Plaintiff, | * |
| | *     Civil No. TMD 17-485 |
| v. | * |
| | * |
| | * |
| NANCY A. BERRYHILL, | * |
| Acting Commissioner of Social Security, | * |
| | * |
| Defendant. | * |

\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION GRANTING PLAINTIFF'S**
**<u>ALTERNATIVE MOTION FOR REMAND</u>**

Plaintiff Carson Tracy Jupiter seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his applications for disability insurance benefits ("DIB") and for Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 16) and Defendant's Motion for Summary Judgment (ECF No. 17).[1] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that he is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 16) is **GRANTED**.

---

[1] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

# I

## Background

Plaintiff was born in 1967, has a high-school education, and previously worked as a warehouse laborer and forklift driver. R. at 29-30. Plaintiff protectively filed an application for DIB on April 23, 2013, and for SSI on March 27, 2013, alleging disability beginning on June 30, 2012, due to a pinched nerve and dislocated disc. R. at 23, 211. The Commissioner denied Plaintiff's applications initially and again on reconsideration, so Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R. at 70-111, 114-27. On May 22, 2015, ALJ Thomas Mercer Ray held a hearing in Washington, D.C., at which Plaintiff and a vocational expert ("VE") testified. R. at 37-68. On August 6, 2015, the ALJ issued a decision finding Plaintiff not disabled from the alleged onset date of disability of June 30, 2012, through the date of the decision. R. at 20-36. Plaintiff sought review of this decision by the Appeals Council, which denied Plaintiff's request for review on December 14, 2016. R. at 1-7, 15-19. The ALJ's decision thus became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481; *see also Sims v. Apfel*, 530 U.S. 103, 106-07, 120 S. Ct. 2080, 2083 (2000).

On February 17, 2017, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case subsequently was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

# II

## Summary of Evidence

**A.  Plaintiff's Testimony**

The ALJ reviewed Plaintiff's testimony in his decision:

> [Plaintiff's] symptoms include pain, weakness, and difficulty concentrating as a result of his pain. He alleged in a pain questionnaire and two function reports that these symptoms have impacted his activities of daily living and ability to maintain gainful employment. [Plaintiff] testified that he stopped working because of his health issues, which required him to frequently miss work. He stated that the side effects of his medications further affect his ability to work as they cause dizziness. He further stated that because of his pain, he must constantly change positions from sitting, to standing, to lying down. He testified that he can walk a [sic] two or three block [sic] before having to rest, stand for 20 to 25 minutes before having to sit down, lift 20 to 25 pounds, and must lie down for six hours out of the day. He noted that surgery has been recommended, but he is unsure if the procedure will help him. Finally, he stated that he sometimes needs a short cane to help him ambulate and he does very little around the house.

R. at 27-28 (citation omitted); *see* R. at 47-60, 229-39, 247-55.

**B.  VE Testimony**

The VE testified that a hypothetical individual with Plaintiff's same age, education, and work experience with the residual functional capacity ("RFC") outlined below in Part III could not perform Plaintiff's past relevant work but could perform the unskilled, light jobs of grading and sorting worker, inspector, or bench worker. R. at 63-64. No unskilled work would be available to someone who would need to be absent from work two days per month on an unscheduled basis. R. at 65. No unskilled work would be available to a person productive only 80% of the time in an eight-hour workday. R. at 66. According to the VE, his testimony did not conflict with the *Dictionary of Occupational Titles*.[2] R. at 67.

---

[2] "The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles*, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs." *Massachi v. Astrue*, 486 F.3d 1149, 1152 n.8 (9th Cir. 2007);

# III

## Summary of ALJ's Decision

On August 6, 2015, the ALJ found that Plaintiff (1) had not engaged in substantial gainful activity since the alleged onset date of disability of June 30, 2012; and (2) had an impairment or a combination of impairments considered to be "severe" on the basis of the requirements in the Code of Federal Regulations; but (3) did not have an impairment or a combination of impairments meeting or equaling one of the impairments set forth in 20 C.F.R. pt. 404, subpt. P, app. 1; and (4) was unable to perform his past relevant work; but (5) could perform other work in the national economy, such as a grading and sorting worker, inspector, or bench worker. R. at 26-31. The ALJ thus found that he was not disabled from June 30, 2012, through the date of the decision. R. at 31.

> In so finding, the ALJ found that Plaintiff had the RFC
>
> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations: he can occasionally lift and/or carry 20 pounds, frequently 10 pounds. He can stand and/or walk for a total of six hours in an eight-hour workday and sit for a total of six hours in an eight-hour workday. He can push and/or pull as much as he can lift and/or carry. He can occasionally climb ramps, stairs, ladders, ropes, and scaffolds. Finally, he can frequently balance, but only occasionally stoop, kneel, crouch, and crawl.

R. at 27. The ALJ considered Plaintiff's credibility and found that his "medically determinable impairment could reasonably be expected to cause the alleged symptoms; however, [his] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." R. at 27. The ALJ found that

---

*see Pearson v. Colvin*, 810 F.3d 204, 205 n.1 (4th Cir. 2015); *DeLoatche v. Heckler*, 715 F.2d 148, 151 n.2 (4th Cir. 1983); 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1). "Information contained in the [*Dictionary of Occupational Titles*] is not conclusive evidence of the existence of jobs in the national economy; however, it can be used to establish a rebuttable presumption." *English v. Shalala*, 10 F.3d 1080, 1085 (4th Cir. 1993).

Plaintiff's "subjective complaints are not entirely credible in view of the evidence that his abilities to live independently and care for himself are inconsistent with the degree of disability he alleges." R. at 28.

## IV

## **Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-380 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[3]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R.

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

6

§§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

# V

## Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

# VI

## Discussion

Plaintiff contends that substantial evidence does not support the ALJ's assessment of his RFC because the ALJ failed to weigh properly the opinion evidence, to develop the record fully and fairly, and to assess the impact of his obesity on his functioning. Plaintiff further contends that substantial evidence does not support the ALJ's determination of his credibility. For the reasons discussed below, the Court remands this case for further proceedings.

Social Security Ruling 96-8p explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was

"left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

The Fourth Circuit in *Mascio*, 780 F.3d at 639-40, also found that remand was required in light of an ALJ's lack of explanation concerning how the ALJ decided which of the claimant's statements to credit. *Mascio*, in other words, "requires the ALJ to articulate which of a claimant's individual statements are credible, rather than whether the claimant is credible as a general matter." *Armani v. Comm'r, Soc. Sec. Admin.*, No. JMC-14-CV-976, 2015 WL 2062183, at *1 (D. Md. May 1, 2015).

Here, the ALJ found that Plaintiff's subjective complaints were not entirely credible because he could shoot baskets, carry items up and down steps, and rake his yard. R. at 28. Plaintiff also testified, however, that he could only "sweep a little bit" but not lift or carry. R. at 58. He further testified that, while he was able to do yard work, he could only cut his grass on a riding mower. R. at 59. Plaintiff also testified that he could not cook because he could not stand long. R. at 57. "Nowhere, however, does the ALJ explain how he decided which of [Plaintiff's] statements to believe and which to discredit . . . ." *Mascio*, 780 F.3d at 640. The ALJ also failed to explain how Plaintiff's activities showed that he could sustain a full-time job. *See Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 269 (4th Cir. 2017). The ALJ further failed to explain how, despite Plaintiff's impairments, he could remain productive for more than 80% of an eight-

hour workday. An ALJ may not select and discuss only that evidence that favors his ultimate conclusion. *Hines*, 453 F.3d at 566. While "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision," *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)), "the ALJ 'must build an accurate and logical bridge from the evidence to his conclusion.'" *Monroe*, 826 F.3d at 189 (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). In particular, the ALJ "must build a logical bridge between the limitations he finds and the VE evidence relied upon to carry the Commissioner's burden at step five in finding that there are a significant number of jobs available to a claimant." *Brent v. Astrue*, 879 F. Supp. 2d 941, 953 (N.D. Ill. 2012). An ALJ's failure to do so constitutes reversible error. *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017).

In short, the inadequacy of the ALJ's analysis frustrates meaningful review. *See Ashcraft v. Colvin*, No. 3:13-cv-00417-RLV-DCK, 2015 WL 9304561, at *11 (W.D.N.C. Dec. 21, 2015) (remanding under fourth sentence of 42 U.S.C. § 405(g) because court was unable to review meaningfully ALJ's decision that failed to explain exclusion from RFC assessment an additional limitation of being 20% off task that VE testified would preclude employment). Remand under the fourth sentence of 42 U.S.C. § 405(g) thus is appropriate, *see Mascio*, 780 F.3d at 636, and the Court need not address Plaintiff's remaining arguments.

## VII

### Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 17) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 16) is **DENIED**. Plaintiff's alternative motion for remand (ECF No. 16) is **GRANTED**. Defendant's final decision is

**REVERSED** under the fourth sentence of 42 U.S.C. § 405(g).  This matter is **REMANDED** for further proceedings consistent with this opinion.  A separate order will issue.

Date: March 31, 2018

/s/
Thomas M. DiGirolamo
United States Magistrate Judge